THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL CUNNINGHAM,

    Plaintiff,

vs.                                   Case No.

FINE & DANDY, LLC (dba
REFINERY) aka SHARP &
DAPPER, LLC (dba REFINERY)
aka BIRCHTREE VENTURES, LLC,
and ANDREW KRYLIOUK,

    Defendants.

_____/

## COMPLAINT

    Plaintiff, DANIEL CUNNINGHAM, by and through his attorney, states as follows as his Complaint against Defendants FINE & DANCY, LLC. (dba REFINERY) aka SHARP & DAPPER, LLC (dba REFINERY) aka BIRCHTREE VENTURES, LLC, and ANDREW KRYLIOUK – collectively "Defendants", and alleges as follows:

## INTRODUCTION

    1. This is an action by Plaintiff against his former employer(s) for violation of the minimum wage and overtime provisions pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Florida's Minimum Wage Act ("FMWA"). Plaintiff seeks damages and a reasonable attorney's fee.

    2. The Defendants jointly operate multiple retail stores at shopping malls in the State of Florida.

## PARTIES

3. Plaintiff Daniel Cunningham ("Cunningham" or "Plaintiff") currently resides in Tampa, Florida and is a resident and citizen of the State of Florida.

4. Defendant Fine & Dandy, LLC ("F&D") dba Refinery ("Refinery") is a Florida corporation with its principal place of business located at 2223 N West Shore Blvd., Suite 268A, Tampa, Florida, 33607.  F&D was incorporated with the Florida Department of State on June 6, 2016.  See Exhibit 1.

5. F&D has designated Birchtree Ventures, LLC ("Birchtree") as its registered agent and has listed 17018 Tremont St, Ft. Meyers, Florida, 33908 as its mailing address in its most recent annual report filed with the Florida Department of State.  17018 Tremont St, Ft. Meyers, Florida, 33908 is also the residence of Defendant Andrew Kryliouk ("Kryliouk").  See Exhibit 2.

6. Birchtree has never been authorized to do business within the State of Florida and has never registered with the Florida Department of State.

7. Birchtree had been incorporated in the Statement of Wyoming by Kryliouk in August 2015 and the entity was administratively dissolved by the State of Wyoming on September 6, 2017.  Kryliouk's residential address was listed on filings with the State of Wyoming.  See Exhibit 3.

8. Defendant Sharp & Dapper, LLC ("S&D") dba Refinery is a Florida corporation with its principal place of business located at 140 University Center Drive, #139, Sarasota, Florida 34243.  S&D was incorporated with the Florida Department of State on September 8, 2015.  See Exhibit 4.

9. S&D has listed Birchtree as its sole member/manager in its filing with the Florida Department of State. Kryliouk's residential address is listed on filings with the Florida Department of State. See Exhibit 4.

10. Kryliouk is the LLC-manager owner and President of F&D, S&D, and Birchtree and also has control over F&D's and S&D's financial and operational affairs.

11. F&D, S&D, Birchtree, and Kryliouk own and operate retail stores called Refinery in both Sarasota and Tampa.

12. Refinery sells leather goods, clothing and grooming products at both its retail locations.

13. Cunningham worked for Refinery as a manager/floor sales associate at Refinery's retail stores in Tampa and Sarasota.

## JURISDICTION AND VENUE

14. Venue is proper in this Judicial Circuit as all the events arising out of this cause arose in this Judicial District.

15. This action arises in part under 29 U.S.C. § 201, *et. seq.* of the FLSA. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 1337.

16. This action also arises pursuant to Fla. Const Art X Sec 24, Florida's State Minimum Wage Act.

17. Supplemental jurisdiction for state law claims is conferred by 28 U.S.C. §1367, as the Plaintiff's state and federal claims arise out of a common nucleus of operative fact, as more fully set forth below.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

18. Refinery was an employer of Plaintiff as defined by the FLSA and FMWA.

19. Plaintiff has satisfied all conditions precedent to filing this action or the same have been waived.

20. Refinery accepted the benefits of Plaintiff's labor and suffered or permitted him to work from February 2016 through May 2017 at its retail stores.

21. Beginning on or about February 2016, the Plaintiff agreed to work for Refinery as a sales associate at the Sarasota store.

22. Subsequently, in March 2016, Plaintiff was designated a "manager". It was specifically agreed and understood that the Plaintiff would work 40 hours per week, plus overtime, but was not paid overtime wages.

23. On or about October 2016, Plaintiff was reassigned to the Tampa Refinery store and Plaintiff remained designated as a "manager".

24. Plaintiff did not customarily and regularly direct the work of two or more other employees at either the Sarasota or Tampa location.

25. Plaintiff's primary duties involved interacting on the sales floor with potential customers and processing sales transactions. Nearly all of Cunningham's working hours consisted of duties involving retail sales.

26. Both the Sarasota and Tampa retail locations were frequented by out-of-state shoppers. Both stores are located in retail shopping malls that are deemed "destination malls" because the malls predominantly cater to out-of-state tourists and travelers.

27. Plaintiff regularly processed credit card payments for out-of-state customers.

28. Plaintiff regularly shipped purchased goods to out-of-state customers and then received returned goods from out-of-state customers.

29. Plaintiff regularly communicated with vendors from various states, including California, New York, Washington utilizing telephones and fax machines.

30. Plaintiffs regularly received and shipped packages from vendors to various states utilizing private couriers such as FedEx and United Parcel Service.

31. Instead of utilizing a corporate credit card, Plaintiff would regularly utilize his own personal credit card to pay for store supplies, display items, and shipping expenses. Several times a week, Plaintiff would then be reimbursed by Defendant.

32. A "point of sale" system kept track of inventory and Cunningham would inform Kryliouk of items that needed to be replenished. Kryliouk would then approve purchase of inventory items. After Cunningham placed orders to replenish inventory, Kryliouk would remit payment to vendors.

33. On or about May 2017, Plaintiff was assigned additional responsibilities in the form of driving back and forth from Tampa and Sarasota to work at the Sarasota store. Plaintiff was not compensated for the driving hours.

34. Plaintiff compensation was effectively equal to other employees that were not designated as a "manager".

35. Plaintiff worked overtime, for which he was not compensated.

36. Plaintiff has retained the undersigned and has agreed to pay him a reasonable fee for said services.

## ENTERPRISE COVERAGE

37. Refinery, upon the information and belief of Plaintiff, is covered by the FLSA's Enterprise Coverage. Refinery is believed to have had annual gross revenue of more than $500,000 (and during the relevant period) evidenced, in part, by the following: 1) multiple retail locations at prominent shopping malls, 2) multiple employees at each location, 3) multiple entities operating Refinery stores in upscale shopping malls.

38. Refinery and its employees engaged in interstate commerce.

39. Refinery first ordered and purchased goods and materials that have moved in interstate commerce and Refinery employees handled those same goods and materials.

40. Refinery purchased store supplies and retail items for resale that were produced outside Florida and were subsequently shipped to Florida vendors or directly to Refinery.

41. Refinery and its employees shipped goods and materials to vendors and retail customers that traveled outside Florida.

## INDIVIDUAL COVERAGE

42. In the alternative, even if Refinery's income did not reach the $500,000.00 mark during the relevant timeframe, the Plaintiff has Individual Coverage via his job duties and his relationship with interstate commerce.

43. Plaintiff engaged in interstate commerce by directly participating in the actual movement of things in interstate commerce by regularly using the instrumentalities of interstate commerce in his work.

44. Under Plaintiff's instructions, Plaintiff regularly utilized telephones to make and receive out-of-state calls, credit card machines, government and private mail services to conduct interstate commerce. Cunningham had a key for the company mailbox.

45. Cunningham utilized the "Clover" point-of-sale system through on internet cloud-based system.

46. Plaintiff further engaged in interstate commerce by handling goods which were sent out of state.

47. Plaintiff shipped goods and materials to vendors that travelled between states.

48. Plaintiff processed customer orders from out-of-state customers and also processed returns from out-of-state customers by using the telephone.

49. Plaintiff also processed sales transactions using credit card payment systems for out-of-state customers that came to Refinery's retail stores.

## JOINT ENTERPRISE LIABILITY

50. Defendants operated as a joint enterprise under common control to conduct their retail operations and are thus joint employers for the purposes of enterprise coverage.

51. Defendants functioned as a single unit for the common purpose of operating their retail stores.

52. Defendants jointly made employment decisions such as the supervision, hiring, and terminating of employees; determining the rate and method of payment; and maintaining employment records.

### Count I – Florida Minimum Wage Act, Fla. Const. Art X Sec 24

53. Plaintiff realleges paragraphs 1-52 above.

54. Defendants failed to pay Plaintiff the Florida Minimum Wage for all hours worked in violation of the FMWA.

55. Plaintiff was damaged by Defendants' failure to pay him the Florida Minimum Wages.

**WHEREFORE**, Plaintiff prays that this Court award the following relief:

A. A judgement that all Defendants violated the Florida Minimum Wage Act;

B. Wages found to be due and owing;

C. An additional amount equal to the unpaid wages found to be due and owing as liquidated damages;

D. Pre-judgment interest in the event liquidated damages are not awarded;

E. Post-judgment interest;

F. Reasonable attorneys' fees and costs; and,

G. Any other additional relief as the Court deems just and proper.

## Count II – FLSA Overtime

56. Plaintiff realleges paragraphs 1-52 above.

57. Defendants failed to pay Plaintiff overtime due pursuant to the FLSA as described in part in Sec 7(a)(1) of the FLSA.

58. Plaintiff was damaged by Defendants' failure to pay him overtime.

**WHEREFORE**, Plaintiff prays that this Court award the following relief:

A. A judgement that all Defendants violated the Fair Labor Standards Act;

B. Wages found to be due and owing;

C. An additional amount equal to the unpaid wages found to be due and owing as liquidated damages;

D. Pre-judgment interest in the event liquidated damages are not awarded;

E. Post-judgment interest;

F. Reasonable attorneys' fees and costs; and,

G. any other additional relief as the Court deems just and proper.

### Count III – FLSA Minimum Wage

59. Plaintiff realleges paragraphs 1-52 above.

60. Defendants failed to pay Plaintiff the minimum wages due pursuant to the FLSA as described in part in Sec 6(a) of the FLSA.

61. Plaintiff was damaged by Defendants' failure to pay him the Federal minimum wage.

**WHEREFORE**, Plaintiff prays that this Court award the following relief:

A. A judgement that all Defendants violated the Fair Labor Standards Act;

B. Wages found to be due and owing;

C. An additional amount equal to the unpaid wages found to be due and owing as liquidated damages;

D. Pre-judgment interest in the event liquidated damages are not awarded;

E. Post-judgment interest;

F. Reasonable attorneys' fees and costs; and,

G. any other additional relief as the Court deems just and proper.

### DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Cunningham demands a trial by jury in this action.

Dated: November 22, 2017	Respectfully submitted,

<p style="margin-left: 50%;">
/s/ Derek P. Usman<br>
Florida Bar No. 0120303<br>
Attorney for Plaintiff Daniel Cunningham<br>
Primary Email: derek@usmanfirm.com<br>
The Usman Law Firm, P.A.<br>
14517 N 18th Street<br>
Tampa, FL 33613<br>
(813) 377-1197<br>
(312) 528-7684 Fax
</p>